HOBBS v DETROIT EDISON COMPANY

1. ELECTRICITY—POWER LINES—STANDARD OF CARE—TEST.

An electric company has a duty to warn persons of danger where there is a reasonable probability of human contact with its power lines by persons who have a right to be in a place from which such contact is possible.

2. ELECTRICITY—STANDARD OF CARE—MULTIPLE DWELLING SITE—BURIED POWER LINES.

Whether an electric company, having knowledge that its buried power lines were on the construction site of a multiple dwelling complex, owed a duty to warn persons legally digging on the premises of the potential danger since such a site might well be expected to be the subject of digging for ornamental, aesthetic, and practical reasons, was a question of fact for the jury in an action by a plaintiff who was injured while drilling post holes for a fence when his power auger struck defendant electric company's buried power line.

Appeal from Wayne, Thomas J. Foley, J. Submitted Division 1 June 13, 1972, at Detroit. (Docket No. 11764.) Decided August 29, 1972. Leave to appeal denied, 389 Mich 757.

Complaint by Robert Hobbs and Ruth Hobbs against Detroit Edison Company for damages resulting from personal injury. Directed verdict for defendant. Plaintiffs appeal. Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 26 Am Jur 2d, Electricity, Gas, and Steam § 42.

Liability of one maintaining high-tension electric wires over private property of another for injuries thereby inflicted, 14 ALR 1023, s. 56 ALR 1021.

Liability of gas or electric light or power company for injury to fireman, policeman, or other public employee seeking to prevent damage to person or property of other, 61 ALR 1028.

*I. Goodman Cohen,* for plaintiffs.

*Fischer, Franklin & Ford* (by *Thomas F. Sweeney),* for defendant.

Before: V. J. BRENNAN, P. J., and QUINN and O'HARA,* JJ.

O'HARA, J. Plaintiff Robert Hobbs was injured while drilling post holes when the gasoline-powered auger he was operating struck a buried electrical power line belonging to defendant, Detroit Edison. He brought suit against Detroit Edison for his resulting injuries and now appeals from a directed verdict of no cause of action and the denial of a subsequent motion for a new trial.

Plaintiffs' case was predicated on the proposition that Edison had a duty to provide warning markers indicating the presence of the buried power line. In directing the verdict, the trial court ruled: "that the facts as produced in this record do not make out a case wherein this defendant owed a duty which was breached to this plaintiff wherein the law recognizes liability for damages".

Examination of the record discloses that Hobbs was employed by Cadillac Fence Company, which, in turn, had been hired by the developers of Colonial Square Townhouses in Riverview, Wayne County, to install fences around the development site. Edison had buried the power line at the request of the property owner, the Penobscot Development Company, and provided the owner with a site plan showing the location of the power line. No one advised Hobbs of the buried power line, nor were there any markers identifying its location.

---

* Former Supreme Court Justice, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

The day after the accident a Mr. Lawrence, a Mr. Halleen, a staff member of Edison's legal department, plaintiff Hobbs, and a Mr. Clint, who was identified in the record as job superintendent for the owners or developers, met in an office on the involved premises. In the four-way conversation Mr. Lawrence testified:

"We [Lawrence and Halleen] had asked Mr. Clint why we were not notified; how they arrived at having to put in fences without notifying us * * * . He said he was involved in—I can't recall exactly, but it stemmed around the fact that there was so many things going on on the project at one time he wasn't following everything that closely."

It is manifest from this testimony that there was a serious question as to the failure of Penobscot to warn Hobbs of the concealed danger on the premises on which Penobscot had engaged him to work. For whatever reason, Detroit Edison is the only defendant in this case. What then of its duty to Hobbs? Was it sufficient for the utility merely to advise the owner and developer to inform the utility in case any digging was to be done on or near the easement?

Plaintiff contends there was a definite nondelegable duty on the part of Edison to take greater precautions for the protection of various classes of persons who could reasonably be anticipated to be digging in and around the buried wire. In support of this claim, plaintiff called Joseph S. Campbell, the city engineer of Riverview, the municipality in which the residential complex was located. He testified there were approximately 320 family-unit dwellings on the whole project. The thrust of his testimony was that in such developments all utilities had to submit plans for installation of their particular services to his department. The visceral

part of his testimony is that he suggested "certain precautions" in connection with laying the cable and that Edison requested that the city withdraw the suggestion and "they [Edison] would be responsible for the lines".

In his grant of the motion for a directed verdict, the learned trial judge held, and we think properly so, that the pleaded statute was not relevant to the issue presented.[1] We agree. He further held that there was no evidence that Edison did not lay the cable properly and in the manner called for by its contract with the owner and developer. With this too we agree. He further held that

"the defendant relied on the owner of the property and the persons to whom it was contracted to inform it if this easement was used in any way, fashion or form so that adequate provision could be made, and there was absolutely, unequivocally on this record no showing they were informed in any way as to the use of the easement * * * ."

That Edison was not so informed there can be no doubt. But this holding does not meet the contention of plaintiff which in simple substance is: Edison cannot bury a hot wire on the grounds of a multiple dwelling complex and rely on a third party to warn others of its presence and potential danger.

We agree with plaintiff. If there was sufficient necessity to have a third party advise Edison when any digging was to take place, we think an equal duty rested on Edison to warn persons legally on the premises doing any of the kind of digging that could reasonably be expected to be performed on that type of a development.

We hasten to add that we confine our holding to

---

[1] MCLA 460.553; MSA 22.153.

the narrow factual confines of this case, noting particularly that the grounds involved might very well be expected to be the subject of digging for ornamental, aesthetic, and practical reasons.

We find no conflict between our holding here and that in *Koehler v Detroit Edison Co,* 383 Mich 224 (1970). The cases are readily distinguishable on their facts. In *Koehler* the wires were overhead and readily observable. There was extensive general construction in progress. We think this fact situation is far different from the one in the case at bar where the injured person coming on the premises to set in fences would have to have been endowed with extrasensory perception to be aware of possible danger.

We think a quotation from *Clumfoot v St Clair Tunnel Co,* 221 Mich 113 (1922), is helpful in setting forth a general rule which should apply in these circumstances. We are of course aware that in *Clumfoot* the wires were not buried and to that extent the case is distinguishable as is *Koehler.* Yet we think Mr. Justice NELSON SHARPE articulated succinctly the principle we should apply. We quote him:

"The test to be applied is, Was there a likelihood or reasonable probability of human contact with the wires by persons who had a right to be in a place from which such contact was possible? If so, the danger should have been forseen or anticipated by the defendant." *Clumfoot, supra,* p 117.

We think it not unreasonable to require an electric utility to anticipate that in a large residential complex with spacious grounds digging for the installation of fences and trees would take place. We think, *contra* the trial judge, that *some* precaution or warning was necessary. The best

that can be said for Edison in this case is that the only precaution it took was to instruct a third party to advise it if any digging on its easement was to take place. Titles to such property change. Management of such complexes changes. We think it at least a jury question whether the foregoing precaution was sufficient.

We repeat our earlier *caveat*. We enunciate no rule of law for all buried hot wires. In each case the facts are crucial. Under the facts in this case we hold there was a jury question.

The order granting a directed verdict is vacated. The case is remanded for further proceedings.

Plaintiff may tax costs.

All concurred.